IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Securities and Exchange Commission,<br><br>        Applicant,<br><br>    v.<br><br>Covington & Burling LLP,<br><br>        Respondent. | Misc. Case No. 1:23-mc-00002 |

## [PROPOSED] STIPULATION AND PROTECTIVE ORDER

The Securities and Exchange Commission ("SEC") filed this miscellaneous action on January 10, 2023, to enforce the subpoena it had served on respondent Covington & Burling LLP ("Covington") on March 21, 2022. Dkt. 1. The Court entered a final appealable order on July 24, 2023, granting in part and denying in part the SEC's application. Dkt. 42–43. That order directed Covington to produce "the names of the seven clients as to whom it has not been able to rule out that a threat actor accessed material nonpublic information" during a cyberattack on Covington's network. Dkt. 42, at 21.

In the interest of avoiding further litigation over the subpoena, the SEC and Covington hereby agree that neither party will appeal this Court's final order and that Covington will disclose to the SEC by September 22, 2023, the names of six of the seven clients who have consented to the release of their names pursuant to this Court's final order ("Consenting Clients").[1] In consideration for Covington's agreement to forgo an appeal as to the Consenting Clients, and the Consenting Clients' agreement to the release of their names, the SEC further stipulates and agrees

---

[1] The SEC enters this stipulation and protective order without prejudice to its right to respond as an appellee in any appeal brought by the one client that continues to object to the release of its name pursuant to the subpoena and that has indicated its intent to intervene to pursue an appeal.

to the following confidentiality protections for the Consenting Clients, subject to the approval of the Court.

1.  The SEC will take all reasonable steps to preserve the confidentiality of Consenting Client names and will not disclose or otherwise provide such names to any third party except as required by law or court order—provided, however, that the SEC may share the names of Consenting Clients to the extent permitted by the Privacy Act of 1974, 5 U.S.C. § 552a(b), and the SEC's Form 1662, "Supplemental Information for Persons Requested to Supply Information Voluntarily or Directed to Supply Information Pursuant to a Commission Subpoena," subject to the modifications set forth in Paragraphs 2 and 3 below.

2.  The SEC will not release the name of any Consenting Client to "the press [or] the public in response to inquiries relating to particular Registrants and their activities, and other matters under the Commission's jurisdiction," Form 1662 § H(18), unless and until the name of that client becomes relevant to a publicly-filed SEC enforcement action or the SEC learns the identity of the client from a source other than the Covington subpoena.

3.  The SEC will provide at least 14 days written notice to Covington to object wherever reasonable if the SEC receives a "subpoena[] in any litigation or other proceeding," Form 1662 § H(20), or any other request (whether a compulsory process or otherwise) seeking production or other disclosure of the name of any Consenting Client.  The SEC will not disclose the name of any Consenting Client in such circumstances except to the extent required by applicable law or court order, and as otherwise described in Paragraph 1.  To the extent the SEC is required to identify, whether directly or indirectly, the name of any Consenting Client pursuant to a subpoena or other lawful process, the SEC will take reasonable steps to limit any further disclosure of the name of any Consenting Client by means of redactions, a protective order in that action, or otherwise.

4.	In any enforcement action or other proceeding where a Consenting Client is not a party, the SEC will redact or anonymize the name and stock symbol of the Consenting Client—e.g., by referring to it as "Company A" or "Client A"—in any complaint, answer, brief, motion, filing, pleading, letter, exhibit, or other document, except as ordered by the court, or where the SEC may be required to disclose the identity of a Consenting Client pursuant to law, or if, in the SEC's reasonable discretion, such information is necessary to effectively litigate the action or proceeding.  The SEC also will not identify any Consenting Client by name or stock symbol in any news release or public statement relating to a case or proceeding in which the Consenting Client is not a party, unless the SEC is otherwise permitted to disclose such information in a public filing pursuant to this protective order.

It is SO ORDERED this \_\_\_\_\_ day of _____, 2023.

_____
U.S. District Judge Amit P. Mehta

| | |
|---|---|
| */s/ Eugene N. Hansen* | */s/ Kevin S. Rosen* |
| Eugene N. Hansen (D.C. Bar 483638) | Kevin S. Rosen (*pro hac vice*) |
| SECURITIES AND EXCHANGE COMMISSION | GIBSON, DUNN & CRUTCHER LLP |
| 100 F Street N.E. | 333 South Grand Avenue |
| Washington, D.C. 20549 | Los Angeles, CA  90071-3197 |
| hansene@sec.gov | krosen@gibsondunn.com |
| | |
| *Counsel for Applicant Securities and Exchange Commission* | Katherine Moran Meeks (D.C. Bar 1028302) |
| | GIBSON, DUNN & CRUTCHER LLP |
| | 1050 Connecticut Avenue, N.W. |
| | Washington, D.C.  20036-5306 |
| | kmeeks@gibsondunn.com |
| | |
| | *Counsel for Respondent Covington & Burling LLP* |